UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | 4:24-cv-00365-P |
| CALEB JOSEPH WARD JEREMY GEORGE MCNUTT | § § § | |

**DEFENDANTS' JOINT MOTION
TO STAY CIVIL PROCEEDING**

**Introduction**

Defendants respectfully ask this Court to stay this civil action due to the now-pending parallel criminal case against Mr. Ward and Mr. McNutt, which was filed on February 5, 2025. *See United States of America v. Caleb Ward et al.*, 4:25-mj-00086-BJ (NDTX), ECF No. 1. Courts routinely grant such stays when substantial overlap exists between civil and criminal matters, as proceeding simultaneously would create undue burdens, particularly concerning defendants' Fifth Amendment rights. Given the strong factual overlap here, the imminent criminal indictments, the lack of prejudice to the SEC, and the interests of judicial economy, this Court should exercise its broad discretion to stay the civil case until the conclusion of the criminal proceedings.

**Legal Standard**

A district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).[1] Doing so contemplates special circumstances and the need to avoid substantial and irreparable prejudice. *Id.* "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of

---

[1] (citing *SEC v. First Fin. Grp., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct. 1981)).

1

litigation." *Cigna Healthcare of Texas, Inc. v. VCare Health Servs., PLLC*, 2020 U.S. Dist. LEXIS 58004, 2020 WL 1640338, at *2 (N.D. Tex. Apr. 2, 2020) (Fitzwater, J.).[2]

"As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).[3]

District courts consider several factors in determining whether special circumstances warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *United States SEC v. Offill*, Civil Action No. 3:22-CV-121-N-BH, 2022 U.S. Dist. LEXIS 226602, at *6 (N.D. Tex. 2022).[4] The movant has the burden to show a stay is warranted. *Id.*

**This Court should use its wide discretion to stay this civil proceeding because all factors support doing so.**

**A. Overlap of Issues**

"The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Offill*, 2022 U.S. Dist. LEXIS at *6. Here, the issues between the civil and criminal matter strongly overlap. *Compare* ECF No. 1 (Civil Complaint) *with* ECF No. 52-2 (Criminal Complaint). The SEC concedes that the criminal case is "based on upon the *same facts* as alleged in the SEC's complaint." ECF No. 52, p.3.[5] When, as here, the issues in civil and

---

[2] (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)) (citation omitted).
[3] (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)) (internal quotations omitted).
[4] (citing *Walker v. Wilburn*, No. 3:12-CV-4896-D, 2015 U.S. Dist. LEXIS 135284, 2015 WL 5873392, at *5 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.) (citing cases)).
[5] (emphasis added).

criminal actions substantially overlap, courts have consistently found that this factor weighs in favor of staying the action until the conclusion of the criminal case. *Offill*, 2022 U.S. Dist. LEXIS at *7.[6] Although Mr. Ward previously asserted his Fifth Amendment privilege in this civil action, *see* ECF 47, p. 14, he has not permanently forfeited his right to defend himself. The Fifth Circuit has held that "[a] party may withdraw its invocation of the Fifth Amendment privilege, even at a late stage in the process, when circumstances indicate there is no intent to abuse the process or gain an unfair advantage." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012). Further, Mr. McNutt has not invoked his Fifth Amendment privilege in this civil action. Because of the identical factual overlap with the now-pending criminal case, defending against the SEC's motion for summary judgment—or at trial—poses significant Fifth Amendment risks for the defendants.

This factor weighs in favor of granting a stay.

### B. Status of the Criminal Case

Mr. Ward and Mr. McNutt were charged by criminal complaint on February 5, 2025. ECF No. 52-2. Under 18 U.S.C. § 3161(b), the government must file an indictment within 30 days of their arrest or service of a summons. Both defendants are expected to make their initial appearances on Thursday, February 13th. Therefore, by mid-March, they must be indicted. Courts have consistently determined that a defendant's indictment weighs in favor of a stay. *Offill*, 2022 U.S. Dist. LEXIS at *7–8. With criminal indictments imminent, this factor supports granting a stay.

### C. Interests of the SEC and the Public

When, as here, the case is a civil enforcement action, the plaintiff's interest and the public interest are intertwined. Therefore, the third and sixth factors are considered together. *SEC v. Muts..Com, Inc.*, Civil Action No. 3:03-CV-2912-D, 2004 U.S. Dist. LEXIS 13718, at *10 (N.D. Tex. 2004).[7] In evaluating a plaintiff's burden resulting from a stay, courts may insist that the

---

[6] (citing *Arevalo v. City of Farmers Branch*, No. 3:16-CV-1540-D, 2017 U.S. Dist. LEXIS 45145, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017); *Walker*, 2015 U.S. Dist. LEXIS 135284 at *7, 9.
[7] (citing *SEC v. Mersky,* 1994 U.S. Dist. LEXIS 519, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)).

plaintiff establish more prejudice than simply a delay in its right to expeditiously pursue its claim. *Walker*, U.S. Dist. LEXIS 135284, at *20 (N.D. Tex. 2015).[8] Prejudice is diminished when—like in this case—the plaintiff has already completed discovery and therefore obtained and preserved the evidence it needs for trial. *See id.* As for the public interest factor, that interest may be equally served if the parallel criminal case is resolved in the government's favor. For example, the DOJ would, as it always does, promote any conviction in a press release for general deterrence. Likewise, criminal restitution would be ordered for the same individuals the SEC seeks to compensate through disgorgement in this civil action. Additionally, it is unclear what the SEC's interests are in this case under the new administration or whether it has jurisdiction to pursue it. *See* ECF No. 53, *Defendants' Joint Brief on the New Administration's Potential Effect on This Case*; *see also* ECF No. 31. Because neither the SEC's nor the public's interests would be substantially prejudiced, these factors also weigh in favor of granting the stay.

### D. Interests of the Defendants, Mr. Ward and Mr. McNutt

Absent a stay, Mr. Ward and Mr. McNutt will be forced into an unfair conflict between asserting their Fifth Amendment privilege and fulfilling their legal obligations as witnesses in this civil action. "This conflict may be largely, if not completely, eliminated by granting a stay" of this civil proceeding. *See Offill*, 2022 U.S. Dist. LEXIS at *9. Additionally, Mr. Ward and Mr. McNutt have an interest in staying this civil case to avoid exposing their criminal defense strategy to the prosecution in the criminal case. *See Walker*, 2015 U.S. Dist. LEXIS 135284, at *24-25.[9]

In addition, granting a stay in this case will "relieve defendants of the burden of defending against civil and criminal cases simultaneously." *See Offill*, 2022 U.S. Dist. LEXIS at *9. That burden is especially heavy here. Mr. McNutt, proceeding *pro se*, has lacked the financial resources to hire both criminal and civil defense counsel. Mr. Ward was unable to afford civil counsel for

---

[8] (citing *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009)).
[9] (citing *Louis Vuitton Malletier*, 676 F.3d at 97 n.11 (quoting *Creative Consumer Concepts*, 563 F.3d at 1080) (noting that one of the "possible justifications for a stay" is "to 'prevent the exposure of the criminal defense strategy to the prosecution'"); *Alcala*, 625 F.Supp.2d at 397 (holding that "a stay may be justified in order to prevent . . . exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case")).

4

Geosyn Mining, LLC, which remains in default. *See* ECF No. 22. Even the cost of private mediation was a financial strain on the defendants—one this Court graciously preempted. *See* ECF No. 40.

Now that they face criminal charges, Mr. Ward and Mr. McNutt must devote all remaining resources to defending their liberties in the criminal case. This factor also weighs in favor of granting a stay.

### E. The Court's Interests

Although courts have a strong interest in moving matters expeditiously through their dockets, staying the civil case "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *Offill*, 2022 U.S. Dist. LEXIS 226602, at *10. "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Id.* at *11.[10]

Judicial economy has already been significantly burdened by this matter. The Honorable Magistrate Judge Jeffrey L. Cureton has had to review search and arrest warrant affidavits related to this case. *See e.g. United States of America v. Caleb Ward et al.*, 4:25-mj-00086-BJ, ECF No. 1. The Honorable Magistrate Judge Hal R. Ray attempted to mediate the case. *See* ECF Nos. 43–44. One or both of them will also oversee initial appearances in the criminal case. Meanwhile, the Honorable District Judge of this Court has had to preside over this civil suit, which the SEC filed more than sixteen months after learning of the FBI-DOJ's ongoing wire fraud investigation into the exact same matter.[11]

---

[10] (cleaned up).
[11] If the SEC: (1) believes the allegations in its complaint are true and (2) knew that the FBI-DOJ was investigating the same allegations, it should have reasonably inferred that the DOJ would eventually file criminal charges for the same alleged conduct. Given that several years remain on the civil statute of limitations, a more prudent approach—preserving both executive *and* judicial branch resources—would have been to wait for the DOJ's investigation and prosecution to conclude first.

From a judicial economy standpoint, the last thing the Fort Worth Division of the United States District Court for the Northern District of Texas needs is two pending district court cases arising from the same factual nexus. This factor also weighs in favor of granting a stay of the civil proceeding.

## Conclusion

Every relevant factor supports staying this civil proceeding. The factual overlap between the SEC's case and the pending criminal charges is undeniable. Courts have long recognized that forcing defendants to simultaneously fight civil and criminal cases unfairly burdens their Fifth Amendment rights. Here, both the SEC's and the public's interests remain protected, while judicial economy strongly favors a stay to avoid duplicative proceedings. Mr. Ward and Mr. McNutt should not be forced to divide their resources or risk compromising their criminal defense. For these reasons, they respectfully ask this Court to exercise its broad discretion and grant the stay of this civil proceeding until the criminal proceeding against both of them is resolved.

Given that the current deadline for Defendants' response in opposition to the SEC's motion for partial summary judgment is February 25, 2025, Mr. Ward and Mr. McNutt also respectfully ask that the Court order expedited briefing on this motion to stay or, alternatively, extend their deadline to respond to the SEC's motion for partial summary judgment until after the litigation of this motion to stay is resolved.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeff Daniel Clark* | */s/ Stephen J. Green* |
| JEFF DANIEL CLARK | STEPHEN J. GREEN |
| GreenClark PLLC | GreenClark PLLC |
| Texas Bar # 24109732 | Texas Bar # 24082163 |
| 8350 N Central Expy, Suite 1900 | 8350 N Central Expy, Suite 1900 |
| Dallas, Texas 75206 | Dallas, Texas 75206 |
| Phone (817) 953-8699 | Phone (817) 953-8699 |
| jeff@greenclark.law | stephen@greenclark.law |
| Lead Counsel for Mr. Ward | Cocounsel for Mr. Ward |

*/s/ Gabriela Markolovic*
GABRIELA MARKOLOVIC
GreenClark PLLC
Texas Bar # 24138462
8350 N Central Expy, Suite 1900
Dallas, Texas 75206
Phone (817) 953-8699
gaby@greenclark.law
Cocounsel for Mr. Ward

*/s/ Jeremy McNutt*
Jeremy McNutt
6855 Veal Station Rd.
Weatherford, TX 76085
Phone: (817) 308-8072
*Jeremy.McNutt@gmail.com*
Pro Se

## CERTIFICATE OF CONFERENCE

I certify that on February 11, 2025, I conferred with Jennifer D. Reece, lead counsel for the Securities and Exchange Commission. The Commission opposes this motion to stay.

*/s/ Jeff Daniel Clark*
Jeff Daniel Clark

## CERTIFICATE OF SERVICE

I certify that on February 12, 2025, I electronically filed this document, on behalf of Mr. Ward and Mr. McNutt, with the Clerk of Court for the Northern District of Texas, using the electronic case filing ("ECF") system of the Court, and thereby served it on counsel of record in this case. I further certify that I served a copy of this document to Defendant Jeremy McNutt via email.

*/s/ Jeff Daniel Clark*
Jeff Daniel Clark
